UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>QUALTOOL, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

<u>NATURE OF ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Christina Miller and a class of former and/or current female employees who were/are adversely affected by such practices. As alleged with greater specificity below, Qualtool, Inc. has a policy of discriminating against women by refusing to consider them for positions based on sex.

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

1

amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper because the events giving rise to Title VII violations occurred at Qualtool Inc.'s place of business located in Tavares, Florida, which is within the jurisdiction of the U.S. District Court for the Middle District of Florida, Ocala Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission" of "the EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Qualtool, Inc. (hereinafter "Qualtool" or "Defendant") is a Florida corporation, is registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

5. At all relevant times, Qualtool has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Charging Party Christina Miller ("Charging Party") filed a Charge of Discrimination with the Commission alleging that Qualtool violated Title VII.

7. The Commission issued a Letter of Determination on December 16, 2020, finding reasonable cause to believe that Qualtool subjected Charging Party and a class of female employees to discrimination based on sex.

8. Prior to initiating this lawsuit, the Commission attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Charging Party worked in construction starting in 2016. In her construction job Charging Party was a supervisor and operated heavy machinery. Before working construction, Charging Party was a water treatment operator.

11. On or around November 2017, because certain construction projects were ending and business was slowing down, Charging Party started looking for

a second job with hours starting in the late-afternoon and/or night so she could continue to work her reduced hours in construction in the morning.

12. Charging Party saw a job posting in a local paper, the Daily Commercial dated November 7, 2017, advertising positions at Qualtool. The job posting stated the following:



13. Qualtool manufactures fastening tools for construction and industry.

14. On or about November 10, 2017, after completing her shift at her construction job, Charging Party called QualTool to ask if they were still

accepting applications. Charging Party spoke to a woman over the phone who told her that they were accepting applications.

15. Charging Party drove to QualTool and went to the office to ask for an application. The woman at the window gave her an application to complete and Charging Party sat down in the office to fill it out.

16. As Charging Party filled out the application, another woman came into the office and asked Charging Party what she was applying for. Charging Party said she was applying for positions in the second shift. The second shift is the night shift starting at 3:30 pm and ending at 11:00 pm.

17. The woman said that Charging Party could not work the second shift because there were only men working that shift, and there needed to be at least two women on the shift. The woman also told Charging Party that it was a man's environment. Charging Party explained that she was the only woman at her current job, that the man's environment did not bother her. Charging Party said that she just needed the job.

18. The woman told Charging Party to apply for a job in the first shift, but Charging Party said she could not work in the day because of her construction job.

19. The woman took the application from Charging Party's hands, not allowing her to apply.

20. Charging Party left Qualtool without being allowed to apply for second-shift positions because she is a woman.

21. Charging Party suffered damages as a result of the conduct described in paragraphs 12-20.

22. Like Charging Party, other women have sought positions in the second shift and been denied the opportunity to apply or were not considered based on their sex. These women represent the Class of Aggrieved Individuals.

23. The Class of Aggrieved Individuals have suffered damages as a result of Qualtool's discriminatory policy of considering sex for hiring into the second shift.

## STATEMENT OF CLAIMS

24. As set forth in paragraphs 12-20, 22-23, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by refusing to hire Charging Party and the Class of Aggrieved Individuals based on sex.

25. The effect of the practices complained of in paragraphs 12-20, 22-23 has been to deprive Charging Party and the Class of Aggrieved Individuals equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

26. The unlawful employment practices complained of in paragraphs

12-20, 22-23 were intentional.

27. The unlawful employment practices complained of in paragraphs 12-20, 22-23 were done with malice or with reckless indifference to the federally protected rights of Charging Party and the Class of Aggrieved Individuals that sought positions in the second shift at Qualtool.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Qualtool, its officers, agents, servants, managers, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex including, but not limited to, refusing to hire or refusing to consider individuals for positions based on sex;

B. Order Qualtool to institute and carry out policies, practices, and programs which provide equal employment opportunities for women;

C. Order Qualtool to make Charging Party whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Qualtool's unlawful employment practices;

D. Order Qualtool to make Charging Party whole, by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  E. Order Qualtool to make whole the Class of Aggrieved Individuals that sought positions in the second shift, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Qualtool's unlawful employment practices;

  F. Order Qualtool to make whole the Class of Aggrieved Individuals that sought positions in the second shift, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  G. Order Qualtool to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

  H. Order Qualtool to pay the Class of Aggrieved Individuals that sought positions in the second shift punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

  I. Grant such further relief as the Court deems necessary and proper in

the public interest; and

    J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: April 26, 2021

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676

s/ Beatriz Biscardi André
BEATRIZ BISCARDI ANDRÉ
Supervisory Trial Attorney
New York Bar No. 4394599
Beatriz.Andre@eeoc.gov
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 786-648-5806
Fax: (305) 808-1835