UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                         Case No: 5:21-cv-229-ACC-PRL

QUALTOOL, INC.,

    Defendant.

## ORDER

In this job discrimination case, the Equal Employment Opportunity Commission ("EEOC") has filed a motion to compel documents from the defendant, Qualtool, Inc. (Doc. 18). The EEOC moves to compel the defendant to (1) produce responsive documents in a native, usable format and organized in the manner requested by EEOC in the first request for production, (2) provide an affidavit listing ESI repositories such as email addresses, devices, and other online accounts, (3) cease unsupervised ESI self-collection and conduct supervised searches.

Federal Rules of Civil Procedure 34 permits a party requesting production of documents to "specify the form or forms in which [ESI] is to be produced." Fed. R. Civ. P. 34(b)(1)(C). Rule 34(b)(2)(D) states that when responding to a request for production of ESI, "[t]he response may state an objection to a requested form for producing [ESI]. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D).

Moreover, when producing documents *or* ESI, unless "otherwise stipulated or ordered by the court, [a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "If a request does not specify a form for producing [ESI], a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).

EEOC claims that Defendant's responsive documents were not labeled using Bates stamps, were stripped of metadata, and were unorganized. In Qualtool's response, it states that it has willingly complied with all of EEOC's requests and has offered suggestions to issues that have been brought to counsel's attention. Defendant claims it has produced all documents that it has in native files and bates labeled, and any documents not bates labeled were produced because they were among the requested documents in the ordinary course of business, and identified by subject matter in the name. Some documents have been produced in hard copy form because that is how the documents are maintained, and Qualtool has not stripped documents of metadata when producing documents in PDF formats, as some documents were privileged and needed redactions. It also appears that there is some confusion as to what ESI production is lacking, as Defendant claims it has diligently worked to identify all sources of discoverable information and has supplemented that discovery.

Additionally, EEOC has identified a document that it claims Defendant uploaded to the EEOC computer system that has not been produced throughout discovery. Defendant claims it has had the Chief Operating Officer VP Sales and Marketing, Mike Sloan, search every computer for the document and has offered EEOC to inspect the computers, which it has rejected. Qualtool's owner claims she has never seen the document before.

EEOC also takes issue with Mr. Sloan searching the computers because he is an interested party. Defendant has offered to make additional searches with search terms identified by EEOC and has offered to have the computers searched by someone designated by EEOC. Although EEOC claims that the parties have conferred on these issues, Defendant's response outlines several situations where Defendant has tried to reach a resolution to satisfy EEOC's requests. From reading the motion and response, it's unclear what issues still need to be resolved.

Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g). It seems that better communication might eliminate the discovery issues in this case.

Moreover, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the court are justifiably proud of the courteous practice that is traditional in the Middle District." Middle District Discovery (2021) at 1. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and

civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates.

Here, it seems Qualtool has made a good faith effort to comply with all of EEOC's requests and has even offered to allow EEOC to search the computers and give additional search terms. It appears that better communication between the parties could effectively resolve these discovery issues without judicial assistance.

Accordingly, the motion to compel is denied without prejudice. The parties should meet and confer about the issues related to the motion to compel. In doing so, the parties shall fully satisfy both the letter and spirit of Local Rule 3.01(g), and specifically and meaningfully discuss, either in person or via telephone <u>each</u> and <u>every</u> issue pertinent to the motion that remains in dispute in an effort to reach a resolution. If the parties are still unable to resolve the issues, a renewed motion may be filed that specifically details to the court which issues remain.

**DONE** and **ORDERED** in Ocala, Florida on May 23, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties