**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

        **Plaintiff,**

v.                                                       Case No.   5:21-cv-229-ACC-PRL

**QUALTOOL, INC.,**

        **Defendant.**

---

**ORDER**

This cause comes before the Court on review of Defendant Qualtool, Inc.'s Motion to Strike Plaintiff EEOC's Untimely "Class Members." (Doc. 27). Plaintiff United States Equal Employment Opportunity Commission ("EEOC") has filed a Response (Doc. 35); thus, the Motion is ripe for review. For the reasons set forth below, the Motion will be granted.

In its Motion, Qualtool asks the Court to strike the claims brought on behalf of "all purported 'class' members identified by the EEOC other than" Charging Party Christina Miller and Pamela Jackson, who was identified by the EEOC in its Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed on September 2, 2021. (Doc. 27; *see* Doc. 27-3; *see also* Doc. 27-4 at 3 (identifying Ms. Jackson as a "class member"). Specifically, Qualtool alleges that the EEOC's belated disclosures of the additional claimants are untimely and prejudicial. (Doc. 27 at 3). Qualtool also

asserts that the additional class members' claims are unrelated, stating: "None of the persons disclosed, on the very face of the disclosures, are claiming that they applied for second shift for a laborer position and were rejected." (*Id.* at 4).

In describing the relevant procedural timeline, Qualtool explains:

> On April 27, 2021, the EEOC filed this Complaint on behalf of Christina Miller and an unidentified "class" of persons. The EEOC framed the "Class of Aggrieved Individuals" as follows: "Like Charging Party, other women have sought positions in the second shift and been denied the opportunity to apply or were not considered based on their sex. These women represent the Class of Aggrieved Individuals." This Court set the deadline for amendment of the pleadings on December 1, 2021 and thereafter set the discovery cutoff for October 3, 2022. The parties commenced discovery.
>
> The EEOC's Initial Disclosures identified no "Class of Aggrieved Persons." In its response to interrogatories, the EEOC identified Pamela Jackson as the sole purported "class" member. No further purported "class" members were identified by the EEOC until last month (July 2022), when the EEOC served its First Supplemental Initial Disclosures, asserting for the first time that it had identified other "class" members Maranda George Bus, Regina Harris, Kasey Murray, Lisa M. Bell, Cathy Schroeder. On August 11, 2022, the EEOC again updated its initial disclosures, adding newly discovered purported "class" members Michelle King, Angela Cooper, Donna Niederhelman, Dorothy Knerr. And then, again on August 18, 2022, the EEOC filed yet another supplement identifying purported "class" members Melody Lynn Jones, Vivian Rocha, Valerie Rocha, Maria Martinez, and Carol Howard.

(Doc. 27 at 1-3 (citations and footnote omitted)).

Much of the EEOC's response focuses on the Court's Case Management and Scheduling Orders ("CMSOs") and Qualtool's responses to the EEOC's requests for discovery. (*See* Doc. 35). Although the EEOC may not have been required to add

the additional class members as parties based on the deadline in the CMSOs, the EEOC is not excused from identifying the claimants in a timely manner. *See* Fed. R. Civ. P. 26(e) (stating that a party has a duty pursuant to Rule 26(e) to supplement any Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."). The same is true for the alleged discovery issues, and it is worth noting that the EEOC appears to have received information related to at least some of alleged the class members in early February 2022, yet the class members were not disclosed until July and August of 2022. (*See id.* at 7-8).

The analysis in *E.E.O.C. v. Plaza Operating Partners, Ltd.*, No. 03 Civ. 7680(LTS) (FM), 2005 WL 309770 (S.D.N.Y. Feb. 7, 2005) is applicable in this case. In *Plaza Operating Partners*, the court stated:

> When the issue of additional claimants was raised during a recent telephone conference, the EEOC's repeated mantra was that it has a statutory mandate to seek out deserving claimants and secure relief on their behalf. To be sure, the EEOC's mission has expanded over the years to include this role. When Title VII of the Civil Rights Act of 1964 initially was enacted, the agency was limited to efforts at conciliation; only the person actually aggrieved could bring a lawsuit in federal court against the employer. *Gen. Tel. Comp. of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 325 (1980). "The 1972 amendments to § 706 [of Title VII] . . . expanded the EEOC's enforcement powers by authorizing the EEOC to bring a civil action in federal district court against private employers reasonably suspected of violating Title VII." *Id.* As a result of the change, the EEOC has a duty to "identify all the claimants affected by discrimination, and . . . [to] 'investigat[e], litigat[e], and, if possible settl[e] claims.'" *EEOC v. Mr. Gold, Inc.,* 223 F.R.D. 100, 103 (E.D.N.Y. 2004) (quoting *EEOC v. Venator Group,* No. 99 Civ. 4758(AGS) (KN), 2001 WL 246376, at *5 (S.D.N.Y.

> Mar. 13, 2001)). In this manner, "Congress sought to implement the public interest as well as to bring about more effective enforcement of private rights." *Gen. Tel.,* 446 U.S. at 326.
>
> Nevertheless, the EEOC's mandate is not unlimited, nor are "[t]he courts . . . powerless to prevent undue hardship to the defendant." *Mr. Gold,* 223 F.R.D. at 103 (quoting *EEOC v. Carrols Corp.,* 215 F.R.D. 46, 51 (N.D.N.Y. Feb. 18, 2003)). For example, even though a suit is brought in the name of the EEOC, the employer defendant is clearly entitled to reasonable disclosure concerning the claims of the individual claimants whose interests the EEOC represents. *Venator Group,* 2001 WL 246376, at *5. Ultimately, it is up to the Court to strike the necessary balance between the EEOC's right to vindicate the claims of adversely affected employees and the defendant's right to secure reasonable discovery. *Id.* As part of this process, it is "reasonable and appropriate . . . to limit the universe of potential claimants" so that the defendants may complete their discovery and prepare their defense. *Id.* at *3 (quoting order of K. Fox, Mag. J.); *see also Mr. Gold,* 223 F.R.D. at 102 (directing the EEOC to identify the claimants and facts on which it intends to rely as "[d]efendants are entitled to know what specific claims they must defend against").
>
> The pretrial scheduling order in this case, entered nearly one year ago, directed that any additional "parties" be joined by April 16, 2004, and that all non-expert discovery be concluded by January 21, 2005. (Docket No. 15 at 1). Although the additional claimants may not be "parties" in the strict sense of the term, *see EEOC v. Northwest Airlines, Inc.,* No. C85-36W, 1987 WL 59590, at *7 (W.D.Wa. Nov. 9, 1987), "[t]he absence of any formal designation of the individual claimants as parties . . . does not change the nature of the EEOC's role as the individuals' representative." *Vines v. Univ. of La. at Monroe,* 398 F.3d 700, [709], 2005 WL 189713, at *7 (5th Cir. 2005) (quoting *EEOC v. U.S. Steel Corp.,* 921 F.2d 489, 496 (3d Cir. 1990)). Accordingly, the EEOC has an obligation to comply with this Court's directives concerning scheduling.

*Id.* at *1–3. Although the *Plaza Operating Partners* court permitted the addition of two claimants "some eight months after the deadline for adding parties" in the exercise of its discretion and subject to several conditions, the same relief is not

- 4 -

warranted here. Rather than seeking to add two additional claimants, the EEOC identified *fourteen* claimants within two to three months before the discovery deadline, and it seeks to add these claimants to a lawsuit that previously involved only Ms. Miller and Ms. Jackson. While there is currently a little more than a month left before the discovery deadline, this does not provide Qualtool a reasonable amount of time to complete its discovery and prepare its defense. *See E.E.O.C. v. GNLV Corp.*, 427 F. App'x 599, 599–600 (9th Cir. 2011) ("We recognize that EEOC's mandate to pursue discrimination claims may be furthered by expanding the scope of an existing lawsuit to include new claims discovered as a result of reasonable investigation. However, the interests of the defendant must also be considered. At some point, the district court must close the universe of potential claims against the defendant so that discovery can be completed and the case can proceed to judgment." (citations omitted)). Accordingly, Qualtool's Motion to Strike is granted, without prejudice to the EEOC's right to bring a separate action on behalf of the fourteen additional claimants.

Based on the foregoing, it is ordered as follows:

1. Defendant Qualtool, Inc.'s Motion to Strike Plaintiff EEOC's Untimely "Class Members" (Doc. 27) is **GRANTED**.

2. Any claim brought on behalf of a purported 'class' member other than Charging Party Christina Miller and Pamela Jackson is **STRICKEN**.

- 6 -

3. The case will proceed as to Charging Party Christina Miller and Pamela Jackson only.

4. The parties are reminded that this case was filed in the Ocala Division of the Middle District of Florida. Unless the parties seek the Court's approval to conduct a meeting or proceeding remotely, the parties are expected to travel to Ocala or Orlando for in-person meetings and proceedings.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 30, 2022.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record