UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                                    Case No: 5:21-cv-229-ACC-PRL

QUALTOOL, INC.,

    Defendant.

## ORDER

Before the Court in this employment discrimination case is the Defendant's motion to strike or compel the depositions of eight of Plaintiff's proposed witnesses. (Doc. 39). For the reasons explained below, Defendant's motion is **DENIED.**

**I.    BACKGROUND**

In July and August of 2022 (admittedly well into, but still during the course of, discovery), Plaintiff, the EEOC, disclosed potential class members to Defendant, providing their names and the subject matter of their testimonies. (Doc. 41 at 3).[1] Plaintiff noticed these individuals for deposition but did not subpoena any of them (as it states it was representing them), and agreed with Defendant to conduct depositions on September 13th, 14th, and 15th. (Doc. 39 at 4 & Doc. 41 at 10). On August 30, 2022, however, the Court granted the

---

[1] Specifically, Plaintiff disclosed the following individuals on these dates: 1) Cathy Schroeder: July 5, 2022; 2) Miranda Buss George: July 5, 2022; 3) Angela Cooper: August 12, 2022; 4) Michelle King: August 12, 2022; 5) Dorothy Kneer: August 12, 2022; 6) Maria Martinez: August 18, 2022; 7) Carol Howard: August 18, 2022; 8) Dakota Wilcox: August 26, 2022. (Doc. 41 at 1-2).

Defendant's motion to strike these potential class members as untimely disclosed for purposes of becoming members of a class. (Doc. 36). Thereafter, the EEOC contends that its representation of the individuals ended. As noted, because the depositions had initially been set while the EEOC represented them, the depositions were set by notice only. Now, however, because it no longer represents them it informed defense counsel that it couldn't guarantee their appearance because they were never subpoenaed.

On September 7, 2022, it notified Defendant of its' intent to rely on the eight witnesses at issue as fact witnesses who would be testifying on the same subject matter previously disclosed to Defendant.[2] (Doc. 41 at 2, 4). On the morning of September 8, 2022, before Defendant filed its' current motion to strike, Plaintiff disclosed to Defendant the witnesses' addresses. (Doc. 41 at 4 & Doc. 41-5). Defendant is now moving this Court to strike the eight witnesses from testifying at trial, or in the alternative, to compel the EEOC to depose these witnesses on the previously scheduled dates of September 13th, 14th, and 15th. (Doc. 41 at 10).

While the EEOC is offering to waive the two-week notice requirement for the eight witnesses (to allow the defendant to coordinate them before the close of discovery on October 3, 2022), since it doesn't represent the witnesses, it is difficult to see how it can waive their notice period. (Doc. 41 at 4). Nonetheless, the EEOC will be expected to cooperate with the setting of future depositions of these witnesses if Defendant makes an effort to subpoena them.

The timing of these events is a challenge. On the one hand, the EEOC noticed depositions for individuals the Defendant wants to depose, but the Defendant, if it wanted to

---

[2] Notably, the EEOC's intent to call them as witnesses doesn't mean they will be permitted to testify. The relevance of their potential testimony isn't at issue in this motion to strike.

assure their appearance (as non-parties to the litigation), needed to subpoena them. The Defendant's failure to do so may be because the EEOC initially said it would produce them, but once the *Defendant* prevailed on its motion to preclude them as class members, the Defendant's need to subpoena them was cemented. (Doc. 36). That the Defendant prevailed on its motion, changing the relationship between the potential witnesses and the EEOC, isn't a basis to strike or otherwise compel the presence of the un-subpoenaed witnesses at deposition now.

On the other hand, Defendant's reference to the EEOC's "shenanigans" isn't entirely misplaced. As previously noted, the witnesses were disclosed late in the discovery period and at their initial setting the EEOC said it intended to produce the witnesses. While the change in circumstances created by the August 30, 2022, Order may be a simple explanation for it all, if it ends up that there is no basis to allow these witnesses to testify (if, for example, it turns out their testimony is plainly irrelevant), but the Defendant goes through the expense of deposing them, the Court can certainly take that into consideration at a later date.

## II. DISCUSSION

### A. Striking the Witnesses

Defendant requests the Court to strike Plaintiff's eight witnesses pursuant to Fed. R. Civ. P. 37(c)(1), for "fail[ing] to provide information or identify a witness as required by Rule … 26(e)." Rule 26(e) requires a party supplement its' initial Rule 26(a) disclosure in a "timely manner," if it learns the initial disclosure is incomplete, and additional information "has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e). Here, Plaintiff disclosed the witnesses within the discovery period after interviewing them, and determining their testimony would "support its['] [sic] claims." (Doc.

41 at 7-8 & n.4) (noting that all witnesses but one, for whom it was unclear whether she could support Plaintiff's claims, were disclosed within a month of their interview).

Moreover, Plaintiff sent Defendant amended interrogatories upon learning that new witnesses were available to support its' claims, providing their names, contact information, and subjects of testimony. (Docs. 41-1, 41-2, 41-3, 41-4). These amended interrogatories are consistent with the requirements of Rule 26(a), as a party must only disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—*that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i).

While Rule 37(c) provides an exception for a party whose failure to meet the requirements of Rules 26(a) or (e) is substantially justified or harmless, analysis of these exceptions is unrequired, as Plaintiff has complied with the requirements of Rules 26(a) and (e). Fed. R. Civ. P. 37(c)(1). Further, while the approaching discovery deadline is October 3, 2022, at least by August 30, 2022, the Defendant, if it wanted to secure the deposition of these witnesses, needed to secure their presence with a subpoena. While they may attend by notice only, the only basis for the Court to compel them, as discussed next, is by subpoena.

It may be that the testimony of these potential witnesses is due to be stricken as irrelevant, but since their depositions could have been noticed within the discovery period or a brief extension could be sought to ensure them soon thereafter, striking them under these circumstances and simply because their representation status changed so close to their scheduled depositions seems premature.

Therefore, Defendant's motion to strike Plaintiff's eight witnesses for failure to comply with Rules 26(a) and (e) is **DENIED.**

### B. Compel Production of the Witnesses

While Defendant asserts that this Court can compel the witnesses' depositions as scheduled for September 14th, 15th, and 16th, it lacks grounds to do so, as none have been subpoenaed. Under Fed. R. Civ. P. 30(a)(1) and 45, to compel a nonparty to "testify, he or she must be served with a subpoena[.]" *Green v. Cosco Shipping Lines Co.*, No. CV420-091, 2021 WL 5985123, at *4 (S.D. Ga. Dec. 16, 2021) (citations omitted); *see Halmos v. Ins. Co. of N. Am.*, No. 08-10084-CIV, 2010 WL 11447258, at *1 (S.D. Fla. Oct. 22, 2010) (stating that a nonparty deponent "must be subpoenaed under Federal Rule of Civil Procedure 30(a)(1), which provides that the attendance of a witness at the taking of a deposition may be compelled by subpoena as provided in Rule 45.") (citation omitted).

Because neither Defendant nor Plaintiff has served the eight witnesses with subpoenas, the Court cannot compel their testimony. Thus, to the extent that Defendant's motion seeks to compel Plaintiff's deposition of these eight witnesses, it is **DENIED.**

**THEREON** it is **ORDERED** that the motion is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on September 12, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties