UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                          Case No: 5:21-cv-229-ACC-PRL

QUALTOOL, INC.,

    Defendant.

## ORDER

Before the Court in this employment discrimination case are Plaintiff's motions to strike Joan Standlee's errata sheets (Doc. 44), and to compel Defendant's designation of its Federal Rule of Civil Procedure 30(b)(6) witness. (Doc. 45). For the following reasons, each of the motions are due to be granted.

### I.    BACKGROUND

On July 12, 2022, Plaintiff took the deposition of Joan Standlee, the President of Defendant, Qualtool, Inc. The court reporter made Ms. Standlee's deposition transcript available for review on July 28, 2022. Twenty days later, on August 17th, Ms. Standlee sent her first handwritten errata sheet, attempting to make twenty-seven substantive changes to the transcript.[1] Then, on September 16, 2022, Ms. Standlee sent new changes in a second errata sheet. Finally, on October 2, 2022, the day before the discovery deadline, Ms. Standlee sent a third errata sheet, combining changes from the first and second errata sheets into one typed

---

[1] Also, eleven typographical changes were made which Plaintiff does not contest. (Doc. 44).

document.[2] Now, Plaintiff is moving to strike portions of Ms. Standlee's first errata sheet, and strike entirely her second and third errata sheets. (Doc. 44).

Further, about a month after Ms. Standlee's deposition, on August 5, 2022, Plaintiff issued its first Rule 30(b)(6) notice to Defendant, scheduling the deposition for September 22, 2022. Three days later, on August 8th, Defendant sent Plaintiff its objections to the deposition notice's twenty-seven topics. (Doc. 45 at 1). After conferring with Defendant about the deposition topics on August 13th, Plaintiff agreed to send a revised Rule 30(b)(6) deposition notice ("revised notice"), narrowing the set of examination topics. (Doc. 45 at 2).

On September 8, 2022, Plaintiff sent Defendant the revised notice, reducing the number of topics to twenty-two and narrowing their scope. *Id.* On September 14th, Defendant's counsel gave Plaintiff strikingly similar objections to the revised notice's topics and began refusing to "provide a corporate representative at the noticed date and time." (Doc. 45-5 at 14). In response, seeking to confer on the topics, Plaintiff's counsel told counsel for Defendant that it "cannot simply refuse to provide a corporate representative; but rather must follow the steps outlined in the [Middle District of Florida Discovery] [H]andbook . . . or seek a protective order under Rule 26." (Doc. 45-5 at 2). Defendant's counsel "disagree[d]" stating "without agreed upon topics (as set out in the Middle District Rules . . .) there is no obligation for the company to produce a representative." (Doc. 45-5 at 1).[3]

---

[2] There was seemingly some difficulty following and transcribing the handwritten changes. For example, "Larry's ice cream" became "Harry's ice cream." (Docs. 50 at 8 & 44 at 19).

[3] Further, Defendant's counsel stated: "there will be no witness for you to depose until and unless an agreement is reach on topics that have not been thoroughly covered in the prior depositions, or the Court is called upon to address the harassment and overreaching that the EEOC insists on continuing." (Doc. 45-5 at 1).

On September 19th, Defendant, conferring with Plaintiff's counsel about the revised notice's topics, restated its refusal to provide a witness unless the topics were further narrowed. (Doc. 45 at 3). During this conferral, counsel for the defendant allegedly told the plaintiff's counsel to file a motion to compel instead of holding a deposition, causing him to inform her again to seek a protective order if refusing to make a Rule 30(b)(6) designation. After Plaintiff cancelled the deposition to avoid incurring costs, on its scheduled date, September 22nd, Defendant offered instead to designate portions of Ms. Standlee's testimony as binding on itself, and for Plaintiff to serve narrowly tailored interrogatories out of time. (Docs. 45 at 3 & 49 at 5). Allegedly, the designation inadequately addresses the revised notice's topics, so on September 27th, Plaintiff's counsel offered to narrow the topics.

During the parties' final conferral about the topics on October 2nd, Defendant's counsel purportedly declined to offer a corporate representative completely, citing the October 3rd discovery deadline. Now, Plaintiff seeks to compel the deposition and designation of Defendant's corporate representative on the revised notice topics which were further narrowed during conferral. (Doc. 45).

## II.   DISCUSSION

### A. Motion to Strike

First at issue is Plaintiff's motion to strike the twenty-seven substantive changes to Ms. Standlee's first errata sheet and strike entirely her second and third errata sheets. (Doc. 44).

#### 1. *Timeliness*

As an initial matter, only the first errata sheet (for which the substantive changes are due to be stricken for the reasons stated below) was timely. Under Federal Rule of Civil

Procedure 30(e), a deponent asking the officer recording her testimony to review it,[4] has 30 days after being notified the transcript is available for review to "change[] [it] in form or substance[.]" *Id.*; *see Travelers Indem. Co. Conn. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-CV-670-FTM-38CM, 2016 WL 866368, at *4 (M.D. Fla. Mar. 7, 2016) (triggering 30-day period is notification of transcript availability, rather than deponent's physical possession). Further, Rule 30(e) requires the deponent to "sign a statement listing the changes and the reasons for making them." *See Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-CV-1401-T-33TBM, 2015 WL 3484835, at *6 (M.D. Fla. June 2, 2015) (Rule 30(e)'s timing and signing requirements require strict compliance).

Here, Plaintiff contends that the second and third errata sheets should be stricken entirely for untimeliness, as Ms. Standlee provided them 50 and 66 days after the July 28th release of her transcript. Defendant now claims that Rule 30(e)'s 30-day timing requirement is inapplicable, because, it alleges, the Court Reporter failed to notify Ms. Standlee her transcript was available to review. Defendant's argument, however, is unavailing, as Ms. Standlee timely provided her first errata sheet twenty days after the transcript's release. *See Delima v. Wal-Mart Stores Ark., LLC*, No. 5:17-CV-5244-TLB, 2018 U.S. Dist. LEXIS 215998, 2018 WL 6729994, at *4 (W.D. Ark. Dec. 21, 2018) (rejecting argument that witness lacked time to review transcript for accuracy where she had "time to create a multi-page errata sheet. . . A two-week delay does not constitute prompt filing."). Thus, her failure to provide her second errata sheet in the next ten days so that it would be timely (as opposed to the thirty additional days she waited), is inexplicable. *See id; cf. Alonso Cano v. 245 C & C, LLC*, No. 19-

---

[4] Further, Rule 30(e) requires the officer to note whether a review was requested in their Rule 30(f)(1) certificate, and attach any changes made "during the 30-day period." *Id.*

- 4 -

21826-CIV, 2020 U.S. Dist. LEXIS 231783, at *10 (S.D. Fla. Dec. 10, 2020) ("Complaints about a court reporter's transcription of a deposition must also be promptly brought to the Court's attention."). Likewise, the third errata sheet is untimely because it adopts the (untimely) second errata sheet's changes.

Importantly, even if the second and third errata sheets were timely (they were not), they are also due to be stricken because they contain the same impermissible changes as the first errata sheet, which the Court will turn to next.

### 2. *Failure to Provide Reasons for Each Change*

Pursuant to Rule 30(e), the reason for a change must accompany *each* "change[] in form or substance[.]" *Id.* An errata sheet may be stricken if it fails to provide a reason for each change,[5] or simply claims the reasons are "explicit or reasonably implied from the circumstances[.]" *Travelers Indem. Co. Conn.*, 2016 WL 866368, at *4 (citing *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1305 (11th Cir. 2010) (Tjoflat, J., dissenting) (internal quotations omitted)). Likewise, an errata sheet may be struck if the reasons for the changes are offered in response to the motion to strike. *Id.* (citing *Maronda*, 2015 WL 4167377, at *2). Here, it is proper to strike the proposed changes in the first errata sheet and third errata sheets for failing to list a reason for each change.[6] However, even if the first and third errata sheets gave a

---

[5] *Maronda Homes, Inc. Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-CV-1287-ORL-31, 2015 WL 4167377, at *2 (M.D. Fla. July 9, 2015) [hereinafter *Maronda*] ("a court may strike an errata sheet that fails to state the reasons for each change[.]") (citing *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 (3d Cir. 2010)); *see Cent. Baptist Church Albany Ga., Inc. v. Church Mut. Ins. Co.*, No. 1:16-CV-231 (LAG), 2021 WL 8533677, at *2 (M.D. Ga. Sept. 30, 2021) (striking changes given without reason).

[6] The first errata sheet apparently fails to provide reasons for changes to: page 206, line 25; page 212, line 15; page 150, line 2; and page 25, lines 8-9. (Doc. 44 at 6, 11-12, & 20). Absent from the third errata sheet is a reason for changing page 129, lines 19-23. (Doc. 44-3 at 5).

reason for each change, they, like the second errata sheet, contain contradictory and material changes which are impermissible.

### 3. *Nature of the Changes*

Among the courts is an interpretational divide as to the extent of "changes in form or substance" that Rule 30(e) allows.[7] Some courts adopt a broad interpretation of Rule 30(e), refusing to limit changes in deposition testimony, while others adopt a narrow interpretation, disallowing "material and contradictory changes[.]" *Cf. United Subcontractors, Inc. v. Darsey*, No. 3:13-CV-603-J-99TJC, 2013 WL 5770559, at *2 (M.D. Fla. Oct. 24, 2013) (allowing changes to substance of testimony) (citing *Unlimited Res. Inc. v. Deployed Res., LLC*, No. 3:07-CV-961-J-25MCR, 2010 WL 55613, at *3 (M.D. Fla. Jan. 5, 2010)); *with Maronda*, 2015 WL 4167377, at *3 ("absent a good reason, such as a transcription error or sufficient showing of confusion, material and contradictory changes are not permissible in this circuit.") (citing *Norelus*, 628 F.3d at 1281).

While the Eleventh Circuit has left the interpretation of Rule 30(e) to the discretion of district courts, it appears to approve of the narrow interpretation. *See Jacobs v. Chadbourne*, 733 F. App'x 483, 486 (11th Cir. 2018) (noting district court could ignore substantive changes contradicting witness's deposition testimony) (citing *Norelus*, 628 F.3d at 1281); *see also Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1357 n.7 (11th Cir. 2022) ("a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'") (citing

---

[7] *See Travelers Indem. Co. Conn.*, 2016 WL 866368, at *6-7 (noting post-*Norelus*, even the Eleventh Circuit's district courts differ between adopting Rule 30(e)'s broad and narrow interpretations).

*Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)); *see also Mason v. United Parcel Serv. Co. Inc.*, 674 F. App'x 943, 953 (11th Cir. 2017) (affirming denial of motion to strike where the "determination that the errata sheets were merely 'clarifications' was not a clear error in judgment, as the changes were consistent with other evidence presented[.]").

However, under both interpretations, it appears that impermissible changes are those that fail to clarify and are inconsistent with or unsupported by other deposition testimony. *See Estate of Bryant v. Progressive Am. Ins. Co.*, No. 8:17-CV-2354-T-17SPF, 2018 WL 11344802, at *9 (M.D. Fla. Nov. 7, 2018) (approving errata sheet changes under both interpretations because they were "clarify[ing] and consistent with and generally supported by . . . other deposition testimony.").[8] Here, each errata sheet contains problematic changes under both interpretations of Rule 30(e). Indeed, many proposed changes are contradictory to Ms. Standlee's other deposition testimony.

Sometimes Ms. Standlee wants to change a "no" to a "yes," and other times she attempts to rewrite her answer by providing, for example, additional information that is often contradictory to other testimony she provided. In response to a question about whether she'd owned any other companies with employees, she responded "No[,]" but now wants to change that "no" to a yes by adding, "Larry's Ice Cream[.]" (Docs. 44 at 19 & 44-3 at 3). More egregiously though, Ms. Standlee wants to take her answer that "[w]e don't use that document, no" and add the substantive clause "because we have had no complaints of sexual harassment." (Doc. 44 at 15); *Norelus*, 628 F.3d at 1281 ("A deposition is not a take home

---

[8] In *Estate of Bryant*, the Court noted that the Eleventh Circuit "seem[s] to signal that substantive changes are permissible under Rule 30(e) if the changes are clarifications and not wholly contradictory to prior testimony." 2018 WL 11344802, at *10 (citing *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-md-2734, 2018 WL 1627812, at *2 (N.D. Fla. Apr. 4, 2018)).

examination") (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)). This, however, contradicts Ms. Standlee's other deposition testimony where she identifies writing "an employee up" for sexual harassment. (Doc. 44-4 at 18, 19, 26, 28).[9]

Other examples of confusing and contradictory changes include Ms. Standlee's attempt to take her "Yes" in response to "[d]oes the company have assets used by Qualtool?" and make it a "No[,]" an obviously contradictory change, and one made despite detailing in her *next* response the "assets" Qualtool uses.[10] (Docs. 44 at 19 & 44-4 at 7). Incredibly, Ms. Standlee even attempts to modify the questions *Plaintiff's counsel* was asking, rather than her own deposition testimony. (Doc. 44 at 9). These contradictory, confusing, and sometimes reasonless changes are impermissible under broad and narrow interpretations of Rule 30(e); thus, Plaintiff's motion to strike is due to be granted.

Further, changes like these are particularly problematic, given Ms. Standlee's (lack of) preparation,[11] and her lack of "any obvious confusion" during the deposition to justify them. *Burns v. Bd. Cnty. Comm'rs Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (deponent cannot "merely answer the questions with no thought at all[,] then return home and plan artful responses.") (quoting *Greenway*, 144 F.R.D. at 325); *Reynolds v. Int'l Bus. Machines Corp.*, 320 F. Supp. 2d 1290, 1301

---

[9] For example, early in her deposition Ms. Standlee, in response to the question "[h]ave you ever written an employee up for any kind of discriminatory act?" testified "I have written employees up and I have counseled employees for acts of harassment or inappropriate speech to fellow employees, not for discrimination." (Doc. 44-4 at 18). On follow-up, responding to "what kind of harassment? Sexual harassment?" she testified "Yes. Yes." *Id.*

[10] Specifically, a "part-time volunteer[] . . . sometimes paid who works on the [Ingersolls'] company website is located locally and she uses one of our computers to do so." (Doc. 44-4 at 7).

[11] Responding to the question "did you do anything to prepare for this deposition today?" Ms. Standlee stated that she "worried a lot" and did not review any documents besides the dates of hire and departure for individuals potentially involved with the EEOC. (Doc. 44-4 at 76).

(M.D. Fla. 2004), *aff'd sub nom.*, *United States v. Vasquez-Estupinan*, 125 F. App'x 982 (11th Cir. 2004) (disregarding amendments to testimony where "answers in [witness's] deposition d[id] not reflect any obvious confusion that would justify the material alterations the errata sheet attempts to make"). As such, I agree with Plaintiff that ordinary safeguards preventing against abuse of Rule 30(e) are insufficient here given the changes Ms. Standlee's errata sheets purport to make.[12] *See In re Abilify*, 2018 WL 1627812, at *3 (noting Rule 30(e)'s safeguards: "reading the original answers—which remain a part of the record—at trial and reopening the deposition to confront the changes.") (citing *Lee-Bolton v. Koppers Inc.*, No. 1:10-CV-253-MCR-GRJ, 2015 WL 11111046, at *2 (N.D. Fla. June 15, 2015)).

Therefore, Plaintiff's motion to strike portions of Joan Standlee's first errata sheet, and strike entirely her second and third errata sheets (Doc. 44), is due to be granted.

### B. Motion to Compel

Next at issue is Plaintiff's motion to compel a deposition of Defendant's Rule 30(b)(6) witness, arguing that Defendant is required to designate and produce a corporate representative as it raised meritless boilerplate objections and failed to seek a protective order. Fed. R. Civ. P. 30(b)(6); (Doc. 45 at 5, 24). In response, Defendant argues that Plaintiff's

---

[12] Although Defendant has filed a motion for summary judgment, citing an un-altered deposition record (Doc. 47), some courts find that the safeguards of Rule 30(e), like cross-examination are sufficient to deny any motion to strike outside of the context of summary judgment. Compare *Arce v. Chicago Transit Auth.*, 311 F.R.D. 504, 511–512 (N.D. Ill. 2015) ("It is only in the context of summary judgment that courts are to scrutinize changes in a witness's deposition testimony to determine whether a change is contradictory and creates a sham factual dispute that should be disregarded. If a case proceeds to trial, it is up to the jury to hear the testimony of the witness and decide whether any contradictory changes are credible."); with *Maronda*, 2015 WL 4167377 (dealing with errata sheet changes outside summary judgment context).

motion to compel is untimely, it was unrequired to seek a protective order, and the notices have objectionable topics making designation of a 30(b)(6) witness unnecessary. (Doc. 49).

### 1. Timeliness

First to the extent Defendant argues Plaintiff's motion to compel is untimely, the Court notes that Plaintiff filed the motion on the last day of discovery, rather than after the deadline. Moreover, the Court's discovery order only provides that such motions filed *after* the discovery deadline *may* be denied. (Docs. 15 & 49). Finally, it appears that Defendant, in failing to seek a protective order and finally refusing to make a Rule 30(b)(6) designation on October 2nd, is at least partially blameworthy for any delay. Thus, Plaintiff's motion is timely. *see Penn Mut. Life Ins. Co. v. Imperial Premium Fin.*, LLC, No. 11-80818-MC-MARRA/JOHNSON, 2011 U.S. Dist. LEXIS 165289, at *7 (S.D. Fla. Sep. 14, 2011) (stating Federal Rules of Civil Procedure lack an "express prohibition against the filing of a motion to compel after a discovery deadline . . . so long as the initial discovery request is propounded before the close of discovery.").

### 2. Topics in the Rule 30(b)(6) Notice

Under Rule 30(b)(6), if a party's notice names a corporation as the deponent and describes the deposition topics with "reasonable particularity[,]" then the corporation must designate an officer or other person to testify on its behalf. *See Beaulieu v. Bd. of Tr. of Univ. of W. Fla.*, No. 3:07CV30/RV/EMT, 2007 WL 9734886, at *4-5 (N.D. Fla. Oct. 4, 2007) (noticing a corporation under Rule 30(b)(6) requires it to "provide a witness who can answer questions" about topics in notice) (citing *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd*, 213 F.3d 646 (11th Cir. 2000)). The reasonable particularity requirement helps a corporation in its "onerous and burdensome task" of preparing a Rule 30(b)(6)

designee to "testify about information known or reasonably available to the organization." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) (citing *Great Am. Ins. Co. New York v. Vegas Const. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008)). Courts find that the reasonable particularity requirement, rather than "limit[ing] what can be asked at deposition[,]" highlights the corporation's "obligation . . . to provide someone who can . . . answer the particular questions presaged by the notice." *King*, 161 F.R.D. at 476.

Additionally, the parties must confer in good faith about the deposition topics before or promptly after service of the notice, to "facilitate[] collaborative efforts to achieve the proportionality goals of . . . Rules 1 and 26(b)(1)." Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment (citing Fed. R. Civ. P. 1 & 26(b)(1)). While the parties must confer in good faith, it is unnecessary that they reach an agreement about the deposition topics. *Id.* ("Consistent with Rule 1, the obligation is to confer in good faith about the matters for examination, but **the amendment does not require the parties to reach agreement**. In some circumstances, it may be desirable to seek guidance from the court.") (emphasis added). Here, Defendant was required to designate a Rule 30(b)(6) witness even if it disagreed with the deposition topics. *Cf.* (Doc. 45-5 at 1-2), *with* Middle District Discovery (2021) at Introduction ("[t]he handbook is neither substantive law nor inflexible rule . . . . and should not be relied on as an up-to-date reference regarding the Federal Rules of Civil Procedure, the Local Rules for the Middle District of Florida, or existing case law.").

When a corporation disagrees with the deposition notice, it "cannot decide on its own to ignore the notice." *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) (noting impropriety of "refus[ing] to comply with the notice, put[ting] the burden on . . . [noticing] party . . . to file a motion to compel, and . . . seek[ing]

to justify noncompliance in opposition to the motion to compel") (citing Fed. R. Civ. P. 26). Instead, a corporation refusing to make a Rule 30(b)(6) designation "must seek a protective order." *See id.* ("absent agreement, a party who . . . does not wish to comply with a notice of deposition must seek a protective order"); *see also Strauss v. Rent-A-Ctr., Inc.*, No. 604CV-1133ORL-22KRS, 2007 WL 2010780, at *1 (M.D. Fla. July 6, 2007) ("it is inappropriate for a corporation simply to refuse to designate a witness for a properly noticed Rule 30(b)(6) deposition. Rather, . . . [ it must] . . . bring a motion for a protective order under Rule 26(c).").

Alternatively, a corporation failing to seek protective order must make a Rule 30(b)(6) designation and during the deposition can file a motion to terminate or limit it. Fed. R. Civ. P. 30(d). Here, despite Plaintiff informing Defendant that it must seek a protective order if refusing to make a Rule 30(b)(6) designation,[13] counsel nonetheless failed to do so.[14] Defendant's actions (or lack thereof) plainly violate the Federal Rules of Civil Procedure.

Some courts refuse to consider a corporation's objections to Rule 30(b)(6) deposition topics if they are initially brought before it in opposition to a motion to compel, rather than in filing for a motion for a protective order. *See, e.g.*, *E.E.O.C. v. Thurston Motor Lines, Inc.*, 124 F.R.D. 110, 114 (M.D.N.C. 1989) (refusing to consider corporation's objections to deposition topics it raised in response to motion to compel, rather than in a protective order if refusing to designate a Rule 30(b)(6) witness). This Court agrees that Defendant cannot now raise its

---

[13] Contrary to Defendant's assertion, Rule 30(b)(6) fails to make corporate depositions a unique situation. *See King*, 161 F.R.D. at *476 ("there is no specific limitation . . . general deposition standards govern. . . . all relevant questions [may] . . . be asked at a Rule 30(b)(6) deposition[.]") (citing Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment).

[14] Notably, counsel for Defendant even made threats to seek a protective order during Ms. Standlee's deposition. (Doc. 45-7 at 21).

objections to the deposition notice's topics, after failing to seek a protective order for almost two months.[15]

Accordingly, Plaintiff's motion to compel is due to be granted.

### 3. *Sanctions*

Finally, Plaintiff seeks reasonable expenses it incurred in bringing its motion to compel, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37.[16] Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.*

However, such an award is unwarranted if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); *see Penn Mut. Life Ins. Co.*, 2011 U.S. Dist. LEXIS 165289, at *5 ("If a corporation fails to properly prepare or select Rule 30(b)(6) witnesses, the corporation will be subject to monetary sanctions . . . unless its conduct was substantially justified.") (citing *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174-75 (D.D.C. 2003)). Because Plaintiff's motion to compel is granted, and Defendant

---

[15] Notably, in responding to the motion to compel and in trying to avoid a Rule 30(b)(6) deposition, Defendant attempts to raise objections which appear to lack merit. For example, a meritless objection is that deposition topics cannot cover documentation it already produced. *Handley v. Werner Enters., Inc.*, No. 7:20-CV-00235 (WLS), 2022 U.S. Dist. LEXIS 17585, at *14 (M.D. Ga. Feb. 1, 2022) ("A corporation cannot rest on its documents when a Rule 30(b)(6) deposition is requested.") (citing *Richardson v. Fiat Chrysler Auto. (FCA) US, LLC*, No. 7:19-CV-15 (HL), 2020 U.S. Dist. LEXIS 20076, at *9 (M.D. Ga. Feb. 6, 2020)).

[16] While Plaintiff cites Rule 37(d), based on its motion it clearly meant to reference Rule 37(a)(3)(B)(ii), instead. Fed. R. Civ. P. 37(a)(3)(B)(ii).

and its counsel, Robyn S. Hankins, Esq., failed to demonstrate that its refusal to designate a Rule 30(b)(6) witness was substantially justified or that other circumstances make an award of expenses under Rule 37(a)(5)(A) unjust, Plaintiff's request for reasonable expenses, including attorney's fees incurred in making the motion is due to be granted. (Doc. 45 at 25).

Within fourteen (14) days of the entry date of this Order, Plaintiff is directed to file an affidavit supporting its motion for reasonable expenses, including attorney's fees, incurred in making the motion. Defendant and Ms. Hankins shall then have seven (7) days from the date that Plaintiff files its affidavit to file any objections to the award, expenses and fees sought. Alternatively, if the parties and Ms. Hankins reach an agreement regarding reasonable expenses, including attorney's fees, they should so advise the Court by written notice within the time frame stated above.

### III.   CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's motion to strike (Doc. 44) and Plaintiff's motion to compel and for sanctions (Doc. 45) are **GRANTED**.

On or before November 10, 2022, Defendant shall designate its' Rule 30(b)(6) witness.

**DONE** and **ORDERED** in Ocala, Florida on November 3, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties